EL PUEBLO DE PUERTO RICO, demandante y apelado, v. ENRIQUE GELPÍ, acusado y apelante.

Núm. 10279.—*Sometido:* Marzo 16, 1944. *Resuelto:* Abril 28, 1944.

A. D. *Marchand Paz,* abogado del apelante; R. A. *Gómez, Fiscal del Tribunal Supremo,* y Luis *Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El apelante, juntamente con Armando Matta y Fernando Reccio Cruz, fueron acusados de un delito de asesinato cometido el 15 de febrero de 1942 en la persona de Walter Rochet Gregory en el barrio Pueblo Viejo de Guaynabo. El apelante obtuvo juicio por separado y la prueba demostró que él era dueño de un *bar* y cabaret denominado "Palo Seco Country Club"; que Walter Rochet Gregory y un amigo de éste llegaron la noche de autos al cabaret y con motivo de

ciertas palabras que dichos dos individuos tuvieron con un mozo que los provocó y agredió, el dicho mozo, un compañero de éste y el acusado atacaron a las referidas dos personas con sillas y palos, falleciendo al día siguiente Walter Rochet Gregory a consecuencia de las contusiones recibidas. Al terminar la prueba el apelante solicitó de la corte instruyera al jurado que emitiese un veredicto declarando no culpable al acusado. Denegada dicha moción y sometido el caso al jurado, trajo éste un veredicto declarando al acusado culpable de homicidio voluntario, siendo sentenciado a nueve años de presidio con trabajos forzados.

 Alega el apelante como único error que ˊde acuerdo con el testimonio del médico que practicó la autopsia, el cadáver presentó un sinnúmero de lesiones producidas por un instrumento no cortante, algunas de las cuales le ocasionaron un *shock* traumático que, agravado por el alcohol inherido, determinó la muerte; que como no hubo evidencia tendente a demostrar que al inferir tales golpes el acusado apelante actuara movido de un designio común con los otros dos coacusados, ni pudo inferirse que fueran los golpes propinados por el apelante y no los inferidos por los otros coacusados los que produjeron la muerte a Walter Rochet Gregory, la evidencia es insuficiente para declarar al acusado responsable de la muerte.

La defensa admite en su alegato que el testimonio de seis testigos presenciales estableció que el apelante y los otros dos coacusados propinaron golpes con sillas y palos al interfecto. Siendo ello así, es de perfecta aplicación el artículo 36 del Código Penal, que prescribe:

"Todas las personas complicadas en la comisión de un crimen, ya fuere '*felony*' o '*misdemeanor*,' y que directamente cometieren el acto constitutivo del delito, . . . son principales o autores en el crimen cometido."

El designio común puede ser expreso o tácito. En el presente caso la participación activa del acusado en la co-

misión del delito, la cual admite el propio apelante, constituye la prueba del designio común con los otros coacusados para la realización del delito. Véase la monografía en 12 A.L.R. 275.

No cabe duda, pues, de que la evidencia que ante sí tuvo el jurado basta para sostener el veredicto.

*Procede por lo expuesto la confirmación de la sentencia.*

El Juez Presidente Sr. Travieso no intervino.